UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CR-60078-RUIZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MIGUEL CABRERA-GRANADOS

       Defendant.
_____/

## MOTION REQUESTING APPOINTMENT OF LEARNED COUNSEL PURSUANT TO 18 U.S.C. § 3005

**COMES NOW** the defendant, MIGUEL CABRERA-GRANADOS, by and through undersigned counsel, moves this Honorable Court for an order appointing counsel "learned in the law applicable to capital cases" (hereinafter "learned counsel") under 18 U.S.C. § 3005, and in support thereof states as follows:

### INTRODUCTION

1.    On April 20, 2022, the United States filed a sealed Indictment in this case. On June 6, 2022, the government filed a Notice of Filing Redacted Indictment as to this Defendant. (DE 19).

2.    Defendant Cabrera-Granados was arrested in the District of Nebraska on June 6, 2022. On June 10, 2022, the Rule 5(c)(3)/ Rule 40 documents were received from the District of Nebraska. (DE 21).

3.    An Initial Appearance was held by this Court on July 1, 2022. Undersigned

1

counsel was appointed on this date. (DE 26).

4.  An Arraignment was held on July 6, 2022.  (DE 28).

5.  Count 1 of the Indictment charges Mr. Cabrera-Granados with Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. §1959.

6.  The maximum punishment Mr. Cabrera-Granados faces, if convicted of Count 1, is Death.

7.  The United States Attorney's Office may seek authorization from the Attorney General of the United States to seek the penalty of death, in the event Mr. Cabrera-Granados is convicted of Count 1.

## MEMORANDUM OF LAW

18 U.S.C. § 3005 states, in pertinent part:

> "Whoever is **indicted** for treason or other **capital crime** shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, **shall promptly**, upon the defendant's request, assign 2 such counsel, of whom **at least 1 shall be learned in the law applicable to capital cases**, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts." (emphasis added)

As the First Circuit has held, under § 3005, "promptly means promptly after indictment, not (as the government asserts) only after the Attorney General has made a determination to seek the death penalty". *In re Sterling-Suarez*, 306 F.3d 1170 (1st Cir., 2002). See also, *Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and*

*Related Statutes, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations,* **§ 620.10.10** (a)("As required by 18 U.S.C. § 3005, **at the outset of every capital case**, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases.")(emphasis added)

The historical commentary to the *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003) makes clear that:

> The period between an arrest or detention and the prosecutor's declaration of intent to seek the death penalty is often critically important. … [E]ffective advocacy by defense counsel during this period may persuade the prosecution not to seek the death penalty. Thus, it is imperative that counsel begin investigating mitigating evidence and assembling the defense team as early as possible-- **well before the prosecution has actually determined that the death penalty will be sought.** (emphasis added)

The complex nature of the investigation and preparation of a capital case, including issues relating to the pre-trial death penalty authorization procedures, often referred to as the "DOJ Protocol" and described more fully in the Justice Manual (formerly United States Attorneys' Manual), section 9-10.000, *et. seq.*, mandate that learned counsel be appointed at the earliest time possible. See Generally, *In re Sterling Suarez*, *supra*, and *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003), *supra*.

As set forth above, 18 U.S.C. 3005 requires the Court to "consider the recommendation of the Federal Public Defender organization". A recent amendment to judicial conference policy expands upon this statutory requirement, and provides that:

> Judges should consider and give due weight to the recommendations made by federal defenders and resource counsel and articulate reasons for not doing so. See: JCUS-MAR 2019, pp. 18-20.

§ 620.30 *Procedures for Appointment of Counsel in Federal Death Penalty Cases*

Undersigned counsel does not meet the qualifications of "learned counsel" set forth in 18 U.S.C. § 3005, 18 U.S.C. § 3599, and § 620.30 of the CJA Guidelines. As such, Mr. Cabrera-Granados, by and through undersigned counsel, respectfully requests this Court appoint a second attorney to serve as **learned counsel** in this matter. Undersigned counsel hereby requests appointment of Hector Flores as Learned Counsel and has conferred with both Federal Public Defender and Resource Counsel, who concur in the recommendation. Undersigned counsel has discussed this matter with Hector L. Flores, who is a member of this Court's CJA panel and is qualified as learned counsel. Mr. Flores has been a practicing attorney since 1983. He began his career at the Indiana Public Defender's office where he gained death penalty experience in post-conviction and appellate proceedings. In 1987, Mr. Flores joined the Federal Public Defender for the Southern District of Florida. As an Assistant Federal Public Defender Mr. Flores co-tried a five-month long death penalty trial and has handled numerous death penalty eligible matters. Since 2008, Mr. Flores has been in private practice. In private practice he has handled numerous death penalty eligible matters in the Southern District of Florida and in the District of Puerto Rico. Undersigned counsel requests that Mr. Flores be appointed in this matter as learned counsel.

WHEREFORE, Miguel Cabrera-Granados, by and through undersigned counsel, respectfully requests this Court appoint learned counsel to assist undersigned counsel in her representation of Mr. Cabrera-Granados during the death penalty authorization process

within the Department of Justice. Undersigned believes that this appointment is necessary at this time to guarantee adequate representation of Mr. Cabrera-Granados.

          Respectfully submitted

          On this 13th day of July, 2022.

          By: s/Maria T. Arsuaga Byrne
          Maria T. Arsuaga, P.A.
          Florida Bar No. 092246
          251 Valencia Ave. #141395
          Coral Gables, FL 33114-1395
          Tel. 305-281-7889
          maritere.arsuaga@yahoo.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Motion has been provided to all parties of record via the Court's CM/ECF system.

          Respectfully submitted,

          /s/ *Maria T. Arsuaga Byrne*